**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| WENDY PARNELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT SERVICES, INC.,<br><br>Defendant. | Case No. 5:26-cv-05297-DCF<br><br>**CLASS ACTION** |
| SHILEEN LANGE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT SERVICES, INC.,<br><br>Defendant. | Case No. 5:26-cv-05298-TLB<br><br>**CLASS ACTION** |
| AARON HUNTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT SERVICES, INC.,<br><br>Defendant. | Case No. 5:26-cv-05301-DCF<br><br>**CLASS ACTION** |

| | |
|---|---|
| KEVIN MANTEUFEL and ANTHONY WALKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J.B. HUNT TRANSPORT SERVICES, INC. and J.B. HUNT TRANSPORT, INC.,<br><br>Defendants. | Case No. 5:26-cv-05303-DCF<br><br>**CLASS ACTION** |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR UNOPPOSED MOTION TO CONSOLIDATE CASES AND TO APPOINT INTERIM CO-LEAD COUNSEL**

Plaintiffs Wendy Parnell, Shileen Lange, Aaron Hunter, Kevin Manteufel, and Anthony Walker (collectively, "Plaintiffs"), request that the above matters be related and consolidated and that *Parnell v. J.B. Hunt Transport Services, Inc.*, Case No. 5:26-cv-05297-DCF, as the first-filed case, be designated the lead case for these consolidated matters. Further, Plaintiffs also request that the Court appoint Leanna A. Loginov of Shamis & Gentile, P.A. and Mariya Weekes of Milberg, PLLC ("Proposed Interim Co-Lead Counsel") as Interim Co-Lead Counsel pursuant to Federal Rule of Civil Procedure 23(g).

Counsel for Plaintiffs have conferred with counsel for Defendant concerning the relief sought herein, and Defendant does not oppose consolidation and takes no position on the appointment of leadership.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant J.B. Hunt Transport Services, Inc. ("Defendant")[1] is a transportation and logistics company headquartered in Lowell, Arkansas, that provides surface transportation, freight

[1] Plaintiffs Manteufel and Walker also name J.B. Hunt Transport, Inc. in their complaint, a related entity of Defendant J.B. Hunt Transport Services, Inc.

shipping, and supply-chain management services to commercial and industrial customers throughout the United States and North America. Its operations include intermodal transportation, dedicated contract services, integrated capacity solutions, and truckload and less-than-truckload freight brokerage services. The company operates a nationwide transportation network and employs drivers, logistics personnel, and corporate and operational staff. On or around October 23, 2026, notorious ransomware cybercriminal group "Whitearmor" posted on its dark web leak site that it successfully executed a cyberattack against Defendant's network and systems (the "Data Breach"). Whitearmor claims to hold 140,838 employee records as a result of the Data Breach, including significant amounts of personally identifying information ("PII" or "Private Information"), and publicly demanded a $5,000,000.00 ransom payment.

After Whitearmor's public announcement of Defendant's Data Breach, four class action complaints were filed with the United States District Court for the Western District of Arkansas: *Parnell v. J.B. Hunt Transport Services, Inc.*, Case No. 5:26-cv-05297-DCF (filed October 27, 2026); *Lange v. J.B. Hunt Transport Services, Inc.*, No. 5:26-cv-05298-TLB (filed October 27, 2026); *Hunter v. J.B. Hunt Transport Services, Inc.*, No. 5:26-cv-05301-DCF (filed October 27, 2026); and *Manteufel and Walker v. J.B. Hunt Transport Services, Inc. and J.B. Hunt Transport, Inc.*, No. 5:26-cv-05303-DCF (filed October 28, 2026) (collectively, "Related Actions"). The Related Actions assert common claims against Defendant for negligence and breach of implied contract,[2] and seek to certify a similar class of individuals whose Private Information was accessed and compromised in the Data Breach.

---

[2] Additionally, Plaintiffs Parnell and Lange assert claims for negligence *per se* and unjust enrichment against Defendant, Plaintiff Aaron Hunter asserts claims for invasion of privacy, breach of fiduciary duty, unjust enrichment, and declaratory judgment against Defendant, and Plaintiffs Manteufel and Walker assert a claim for declaratory judgment against Defendant and related entity J.B. Hunt Transport, Inc.

The Related Actions arise out of Defendant's Data Breach. Plaintiffs seek to hold Defendant liable for its unlawful disclosure of the highly sensitive Private Information of Plaintiffs and Class Members. The Related Actions each arise from the same set of operative facts and involve common questions of law and fact. The Related Actions seek relief on behalf of overlapping classes and seek to redress the harm caused by the Data Breach. Accordingly, to preserve party and judicial resources and prevent duplication of effort and the risk of inconsistent rulings, the Related Actions are appropriate for consolidation.

## ARGUMENT

### I. CONSOLIDATION IS APPROPRIATE

The above four class action complaints have been filed in the United States District Court for the Western District of Arkansas against Defendant. Each action seeks to hold Defendant responsible for an alleged data breach that the notorious ransomware cybercriminal group Whitearmor publicly disclosed on or around October 23, 2026.

This Court has discretion to consolidate any matters involving common questions of law or fact. Fed. R. Civ. P. 42(a). Fed. R. Civ. P. 42(a) states:

That "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Consolidation is appropriate when actions share common issues of law or fact. *EEOC v. HBE Corp.,* 135 F.3d 543, 550 (8th Cir. 1998) ("All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay"). "The district court has broad discretion to determine whether two actions should be consolidated." *Clark v. Ark. Steel Assocs*., LLC, No. 1:15CV00092 JLH, 2017 U.S. Dist. LEXIS 1382, at *2 (E.D. Ark. Jan. 5, 2017).

The cases to be consolidated arise from the same questions of law and fact – they arise from the same event, involving alleged exposure of personal information maintained by

Defendant, all name J.B. Hunt Transport Services, Inc. as a defendant, and assert similar theories of Plaintiffs' and putative class members' entitlement to relief. Further, trying the Related Actions separately would risk inconsistent findings and rulings in each case arising from the same Data Breach, brought on behalf of the same putative class of individuals affected. Consolidating the Related Actions will certainly reduce the time and costs for all involved by eliminating the need for separate filings, discovery, settlement negotiations, hearings, and trials for cases arising from the same Data Breach. Finally, because all Related Actions are at the same early procedural stage—complaints are filed, but there have been no responsive pleadings, and no scheduling orders have been entered—consolidation is appropriate.

Plaintiffs believe that consolidating the cases will serve the interests of convenience, judicial economy, and cost reductions, and will not risk prejudice to any party. In particular, consolidation will allow for coordinated motion and discovery practice as well as trial proceedings.

Plaintiffs request that the above matters be consolidated and that the matter titled *Parnell v. J.B. Hunt Transport Services, Inc.*, Case No. 5:26-cv-05297-DCF be designated the lead case for these consolidated matters.

## II. THE COURT SHOULD APPOINT INTERIM CO-LEAD COUNSEL

Plaintiffs, individually and on behalf of all others similarly situated, hereby submit this brief in support of their Motion to move this Court under Rule 23(g)(3) of the Federal Rules of Civil Procedure for an Order appointing: (1) Leanna A. Loginov of Shamis & Gentile, P.A. ("Shamis & Gentile"), and (2) Mariya Weekes of Milberg, PLLC ("Milberg") as Interim Co-Lead Counsel.

Together, Proposed Interim Co-Lead Counsel represent the combined experience, talents, and resources of recognized and successful data breach attorneys in the United States with a

demonstrated commitment to "fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court." *See* Manual for Complex Litigation § 10.21 (4th ed. 2004). Proposed Interim Co-Lead Counsel should be appointed based on their extensive knowledge, experience, and recognition in class action litigation, and specifically data breach litigation.

Collectively, Proposed Interim Co-Lead Counsel and their partners have led dozens of data breach class actions. The group includes attorneys who have independently investigated and thoroughly analyzed the merits of the case prior to and since filing their own complaints. Together, Proposed Interim Co-Lead Counsel can readily manage this important litigation and work towards a just, speedy, and efficient resolution in a cooperative manner with all plaintiffs' counsel as well as defense counsel, as they have done in numerous other cases.

Pursuant to Federal Rule of Civil Procedure 23(g)(1)(A), in determining an interim class leadership appointment, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In appointing a class action leadership team, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices*

*for Large and Mass-Tort MDLs* at 38 (Best Practice 3C) (2d ed. 2018) ("Duke Guidelines").[3] These factors all support Plaintiffs' proposed leadership structure for this consolidated case.

### A. Proposed Interim Co-Lead Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.

One factor courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g., Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"); *In re IndyMac ERISA Litig*., No. CV0804579DDPVBKX, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (same).

Here, immediately after the public announcement of the Data Breach, Proposed Interim Co-Lead Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things: investigating the facts surrounding the Data Breach; interviewing people injured by the Data Breach; researching legal claims; drafting initial pleadings; and organizing Plaintiffs and their counsel and discussing consolidating the actions for unified proceedings and preparing the consolidation and proposed leadership structure.

Prior to filing their complaints, Proposed Interim Co-Lead Counsel each conducted their own thorough and independent investigation of the data breach that gave rise to this class action. These class actions arise out of Defendant's recent data breach resulting from Defendant's alleged failure to implement reasonable and industry standard data security practices. Counsel's independent complaints lay out the allegations as follows.

[3] Although the Duke Guidelines specifically address multi-district litigation, they are informative in a case such as this one.

Plaintiffs and Class Members entrusted their Private Information to Defendant with the understanding that Defendant would protect this data against disclosure. Defendant collected and maintained certain Private Information of Plaintiffs and putative Class Members in connection with the services it provides.

As a result of the Data Breach, Plaintiffs and Class Members suffered concrete injuries in fact including, but not limited to: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished value of Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) lost benefit of the bargain; and (vi) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the Private Information.

Plaintiffs maintain that the Data Breach was a direct result of Defendant's failure to implement adequate and reasonable cybersecurity procedures and protocols necessary to protect employees' Private Information from a foreseeable and preventable cyberattack. Plaintiffs further allege that Defendant maintained the Private Information in a reckless manner. In particular, the Private Information was maintained on Defendant's computer network and servers in a condition vulnerable to cyberattacks. Upon information and belief, the mechanism of the cyberattack and potential for improper disclosure of Plaintiffs' and Class Members' Private Information was a known risk to Defendant, and thus, Defendant was on notice that failing to take steps necessary to secure the Private Information from those risks left that property in a dangerous condition.

Proposed Interim Co-Lead Class Counsel are familiar with the facts and legal issues

involved in this case and they will continue their pursuit of the claims on behalf of Plaintiffs and the proposed class. Proposed Interim Co-Lead Class Counsel conducted the work necessary to prosecute this litigation, and stand ready, willing, and able to continue to devote all necessary effort and resources to advance the claims of Plaintiffs and the putative class.

**B. Proposed Interim Co-Lead Class Counsel Possess the Necessary Experience, Skills, and Knowledge of the Law to Prosecute this Litigation.**

Proposed Interim Co-Lead Counsel have proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matters and issues critical to this case. Proposed Interim Co-Lead Counsel will work well together (important to a cohesive, effective team), but they are also willing to reach out to and incorporate others to utilize their talents where needed. Most importantly, the Proposed Interim Co-Lead Counsel have unparalleled knowledge and expertise in prosecuting consumer privacy and data breach claims and deep expertise in the law.

As set forth below, their resumes include extensive experience leading complex class actions, including data breach cases on behalf of hundreds of millions of consumers, and have been appointed to leadership positions in similar cases. They will formulate and present positions on substantive and procedural issues during the litigation. *See* Manual for Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met."). Courts have found that proposed leadership counsel's experience and service as lead counsel in prior cases is particularly persuasive.

As demonstrated below, Proposed Interim Co-Lead Class Counsel each have substantial data breach class-action experience, resources, and knowledge that will undoubtedly benefit the putative class as this litigation proceeds.

**Proposed Interim Co-Lead Class Counsel**

**1. Leanna A. Loginov of Shamis & Gentile, P.A.**

Leanna A. Loginov is a Partner at Shamis & Gentile and is the Chair of Shamis & Gentile's data privacy litigation department. Ms. Loginov has extensive experience in the realm of data privacy litigation, including actively litigating over a hundred data breach class actions throughout the country.

In connection with litigating class actions in state and federal courts nationwide, Ms. Loginov has been admitted to practice in numerous jurisdictions. She is permanently admitted to practice law in New York and New Jersey, as well as the U.S. District Courts for the Eastern, Northern and Southern Districts of New York, District of New Jersey, Northern and Central Districts of Illinois, the Northern, Southern, Eastern, and Western Districts of Texas, District of Maryland, Eastern District of Wisconsin, Eastern and Western Districts of Michigan, District of Nebraska, District of Colorado, Eastern District of Missouri, Northern District of Ohio, and Eastern District of Tennessee.

As Chair of Shamis & Gentile's data privacy department, Ms. Loginov has been appointed lead or co-lead counsel in several data breach class actions and has played a large role in successfully litigating data breach class actions from inception through court approved settlement. Some of Ms. Loginov's achievements include:

- *In re NJ Lenders Corp Data Breach Litigation*, Case No. 2:25-cv-16799 (D.N.J. 2025) (Appointed Interim Class Counsel);
- *Samiotes et al v. DotHouse Health, Inc.*, Case No. 2584CV01999 (Mass. Super. Ct. 2025) (Appointed to Interim Co-Lead Class Counsel);

- *In re Legacy Treatment Services Data Security Incident Litigation*, Case No. 1:25-cv-14968 (D.N.J. 2025) (Appointed to Plaintiffs' Executive Committee);
- *Cueto v. Coalesce, LLC d/b/a BenefitElect*, Case No. 6:25-cv-01981 (D. Or. 2025) (Appointed Interim Co-Lead and Class Counsel);
- *In re Community Connections Data Breach Litigation*, Case No. 1:25-cv-03535 (D.D.C. 2025) (Appointed Interim Co-Lead Class Counsel);
- *In re Institute of Culinary Education, Inc., Data Privacy Incident*, Case No. 1:25-cv-08479 (S.D.N.Y. 2025) (Appointed Interim Co-Lead Class Counsel);
- *In re Cardinal Services, Inc. Data Security Incident*, Case No. 6:25-cv-1857 (D. Or. 2025) (Appointed Interim Co-Lead Class Counsel);
- *In re OnTrac Data Breach Litigation*, Case No. 1:25-cv-01448 (E.D. Va. 2025) (Appointed Interim Class Counsel);
- *Dunn v. Complete Payroll Solutions, LLC*, Case No. 1:25-cv-30045 (D. Mass. 2025) (Appointed Plaintiffs' Steering Committee);
- *Nadeau v. Onsite Mammography, LLC*, Case No. 3:25-cv-11123 (D. Mass. 2025) (Appointed to Plaintiffs' Executive Committee);
- *In re Radiology Associates of Richmond Data Breach Litigation*, Case No. 3:25-cv-518 (E.D. Va. 2025) (Appointed to Plaintiffs' Executive Committee);
- *In re DRT LLC Data Security Litigation*, Case No. 1:25-cv-00013 (S.D. Iowa 2025) (Appointed Interim Co-Lead Class Counsel);
- *In re Fundamental Administrative Services, LLC Data Breach Litigation*, Case No. 1:25-cv-02754 (D. Md. 2025) (Appointed Interim Co-Lead Counsel);
- *Gabrielsen v. Duff Capital Investors, LLC*, Case No. 2:25-cv-00104 (S.D. Miss. 2025) (Appointed Interim Class Counsel);
- *In re The Business Council of New York State, Inc., Data Breach Litigation*, Case No. 908769-25 (Sup. Ct. Albany Cty. 2025) (Appointed Interim Co-Lead Class Counsel);
- *Maisonette v. University Diagnostic Medical Imaging, P.C.*, Case No. 803179/25E (Sup. Ct. Bronx Cty. 2025) (Appointed as Co-Lead Interim Class Counsel);
- *Garcia v. Set Forth, Inc.*, Case No. 1:24-cv-11688 (N.D. Ill. 2025) (Appointed to Plaintiffs' Steering Committee);
- *In re Cerner/Oracle Data Breach Litigation*, Case No. 25-cv-00259 (W.D. Mo. 2025) (Appointed to Plaintiffs' Executive Committee);

- *Montambeault, et al v. Concord Orthopaedics Professional Association*, Case No. 217-2025-CV-00292 (N.H. 2025) (Appointed Interim Lead Counsel);
- *Banda v. Integrated Specialty Coverages, LLC*, Case No. 3:25-cv-01741 (S.D. Cal., 2025) (Appointed Interim Co-Lead Counsel);
- *Wood v. Professional Resources Management of Crenshaw, LLC,* Case No. 03-cv-2025 (Ala. Cir. Ct. 2025) (Appointed Interim Co-Lead Class Counsel);
- *Staples v. Harbin Clinic, LLC, et al*, Case No. 4:25-cv-00130 (N.D. Ga. 2025) (Appointed Interim Co-Lead Counsel);
- *Balde v. Southwood Financial LLC*, Case No. 1:25-cv-01109 (E.D. Va. 2025) (Appointed Interim Co-Lead Counsel);
- *In re AACOM Data Breach Litigation*, Case No. 8:25-cv-01239 (D. Md. 2025) (Appointed Interim Co-Lead Counsel);
- *In re Cardiology Associates Data Breach Litigation*, Case No. 02-CV-2025-900139 (Ala. Cir. Ct. 2025) (Appointed Interim Co-Lead Class Counsel);
- *In Re Tycon Medical Systems, Inc., Data Security Breach Litigation*, Case No. 2:25-cv-19 (E.D. Va. 2025) (Appointed Interim Co-Lead Counsel);
- *In re Stanley Steemer International Data Breach Litigation*, Case No. 2:23-cv-03932 (S.D. Ohio), which received final approval for a settlement involving approximately 63,000 class members and a $700,000.00 non-reversionary settlement fund, on May 29, 2025;
- *Ramirez, et al v. Princeton University*, Case No. 3:25-cv-17654-RK-RLS, (District of NJ) (Appointed Class Counsel);
- *Thomas v. Connex Credit Union Order Appointing Counsel,* Case No. 3:25-cv-01292-SVN, (D. Conn.) (Appointed Class Counsel);
- *In re Pyramid Global Hospitality Data Breach Litigation*, Case No. 1:2025-cv-12946 (D. Mass.) (Appointed Class Counsel);
- *In Re Town & Country Life Insurance d/b/a Samera Health and iFit Data Breach Litigation,* Case No. 2:2025-cv-00978 (D. Utah) (Appointed Class Counsel);
- *In Re CCI Financial Data Litigation*, Case No. 2:2025-cv-00468, (D. Utah) (Appointed Class Counsel);
- *In re Baltimore Medical Systems, Inc. Data Breach Litigation*, Case No. C-03-CV-25-004557, (Circuit Court Of Baltimore County, Maryland) (Appointed Interim Co-Lead Class Counsel);

- *In re Central Kentucky Radiology, PLLC Data Breach Litigation*, Case No. 25-CI-02508 (Kentucky Fayette Circuit Court) (Appointed Interim Co-Lead Class Counsel);

- *In re Resource Corp. of America Data Breach Litigation*, Case No. 3:26-cv-00017 (S.D.Tx.) (Appointed to Interim Co-Lead Class Counsel);

- *Andres Gomez, et al. v. SSA Holdings, LLC*, Case No. 25-cv-03740-NYW-SBP, (D.Colo.), (Appointed to Interim Co-Lead Class Counsel);

- *In re Tyree Oil, Inc. Data Security Litigation*, Case No. 6:26-cv-00506-MTK, (D.Or.), (Appointed Interim Co-Lead Class Counsel);

- *Ring et al v. Pinnacle Holdings, LTD.*, Case No. 1:26-cv-01090, (D.Colo.), (Appointed Interim Co-Lead Class Counsel);

- *Lockett v. Lincoln Holdings LLC d/b/a Monumental Sports & Entertainment*, Case No. 1:26-cv-01499, (D.D.C.), (Appointed Interim Co-Lead Class Counsel);

- *In re The Cordish Companies, Inc., PPE Casino Resorts Maryland, LLC d/b/a Live! Casino, and Live! Holdings, LLC d/b/a Live! Data Breach Litigation*, Case No. 1:26-cv-1640-GLR, (D. Md.), (Appointed Interim Co-Lead Counsel);

- *In re Oscar Health, Inc. Data Breach Litigation*, Case No. 26 Civ. 3008 (JPC), (S.D.N.Y.) (Appointed Interim Co-Lead Class Counsel);

- *In Re Gastroenterology & Hepatology of Central New York Data Breach Litigation*, Case No. 2026- 003950, (Supreme Court of New York, County of Onondaga), (Appointed Interim Co-Lead Class Counsel);

- *In re Precipio Inc. Data Security Litigation*, Case No. 3:26-cv-00656, (United States District Court for the District of Connecticut), (Appointed Interim Co-Lead Class Counsel);

- *Ashley Burgess v. Minnesota Orthodontics*, Case No. 82-CV-25-3249, (Minnesota District Court, Washington County) (Appointed Certified Settlement Class Counsel);

- *Victoria Walls v. Centers Lab NJ LLC*, Case No. 2:25-cv-18774-MCA-JBC, (D.N.J.), (Appointed Interim Class Counsel);

- *In re: Columbia Bank Data Security Litigation*, Case No. 3:26-cv-05422, (W.D. Wash.), (Appointed Executive Committee); and

- *Thomas Blocker Jr. and Anthony Crosland v. Transport Workers Union Local 100*, Case No. 506713/2026, (Supreme Court of the State of New York, County of Kings), (Appointed Interim Co-Lead Class Counsel).

Ms. Loginov has worked productively with Proposed Interim Co-Lead Class Counsel in many other cases. She is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class members. A copy of Ms. Loginov's resume, which includes additional information about Ms. Loginov and her firm is attached hereto as ***Exhibit A***.

**2. Mariya Weekes of Milberg, PLLC**

Mariya Weekes is a partner at the international plaintiffs' class action firm Milberg, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court. The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg is recognized as having one of the most respected data privacy practice groups in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024). Law360 recently highlighted Milberg's work in the privacy space. Milberg has more than 100 attorneys on staff and has offices across the United States and the European Union.

Ms. Weekes is a former Florida State Circuit Court Judge, elected to the bench by her constituents. As a Florida Circuit Court Judge, she presided over thousands of complex cases, hundreds of trials, and motions. In her capacity as a Circuit Court Judge, she served on the Circuit's appellate panels reviewing appeals from the lower trial Courts and administrative agencies. Before ascending to the bench, she practiced as a trial lawyer representing individuals and corporations in complex cases throughout the State of Florida. As a practicing attorney, she has personally tried

dozens of jury trials to verdict and has participated in many significant cases. Both as a civil trial lawyer and former prosecutor, she has handled complex cases from their inception through appeal.

After stepping down from the bench, Ms. Weekes joined Milberg's Cybersecurity and Data Privacy Group, which has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. See, e.g., In Re: Hot Topic Data Breach Litigation, No. 2:24-cv-9215-MEMF-AS (C.D. Cal.) (Ms. Weekes appointed co-lead counsel in a consolidated action involving more than 57 million customers);In re Meta Android Privacy Litigation., No. 3:25-cv-04674-RFL (N.D. Ca.) (Ms. Weekes appointed as Co-Lead Counsel in a consolidated action involving millions of Google's android users); In Re: LoanCare Data Security Breach Litig., No. 3:23-cv-1508-MMH-MCR (M.D. Fla.) (where Ms. Weekes was appointed co-lead counsel in a consolidated action involving more than 1.3 million consumers); In re SitusAMC Holdings Corporation Data Breach Litigation, No. 1:25-cv-9748 (S.D. NY) (Ms. Weekes appointed as Co-Lead counsel in a consolidated action involving over 5 million customers); In Re: Berry, Dunn, McNeil & Parker Data Security Incident Litigation., No. 2:24-cv-00146 (D. Maine) (Ms. Weekes was appointed to the executive committee in a consolidated action involving 1.1 million consumers); Reichbart v. Financial Business and Consumer Solutions, Inc., No. 24-cv-1876 (E.D. Penn.) (Ms. Weekes was appointed chair of the Plaintiffs' Executive Committee in a consolidated action involving more than 1.9 million consumers); Morrison et al. v. Family Dollar Stores, LLC, et al., 0:24-cv-60294-AHS (S.D.Fl.) (Ms. Weekes was appointed as co-lead counsel in a consolidated consumer protection class action involving adulterated mediations impacting thousands of consumers across 19 States); Javid et al. v. Finsatra Technology, Inc., No. 6:25-cv-1284-PGB-DCI (M.D. Fla.) (Ms. Weekes appointed Co-Lead Counsel in a consolidated action involving over 800,000 customers); In Re

ConnectonCall.com Data Breach Litigation, Case No. 2:24-cv-08790-SJB-JMW (E.D NY) (Ms. Weekes appointed Interim Co-Lead Counsel); Zayatz v. Akumin Operating Corp., Case No. 0:24-cv-62439-RS (S.D. Fl) (Ms. Weekes appointed Interim Co-Lead Counsel); Owings v. Medusind, Inc., 1:25-cv-20117-RAR (S.D. Fl) (Ms. Weekes appointed interim co-lead counsel); W. v. LivaNova USA, Inc., Case No. 4:24-cv-02250 (S.D. Tex.) (Ms. Weekes was appointed Interim Co-Lead Counsel); In re Coastal Orthopedics & Sports Medicine of Southwest Florida Data Breach Litig., Case No. 2024-CA-1078AX (12th Judic. Circ. Ct. of Fla., Manatee Cnty) (Ms. Weekes was appointed Interim Class Counsel); Lomedico v. MarineMax, Inc., Case No. 8:24-cv-1784-MSS-AEP (M.D. Fla.) (appointed joint Interim Class Counsel); In re TRC Staffing Services, Inc. Data Breach Litig., Case No. 1:24-cv-02398-VMC (N.D. Ga.) (Ms. Weekes was appointed co-lead counsel); Lepore et al v. Affiliated Dermatologists & Dermatologic Surgeons, P.A., Case No. MRS-L-001091-24 (Ms. Weekes was appointed Interim Class Counsel); Owens et al v. MGM Resorts International, et al., Case No. 2:23-cv-01480-RFB-MDC (D. Nev.) (Ms. Weekes was appointed to Plaintiffs' Steering Committee); Mckinley v, Doxim, Inc. Case No. 2:24-cv-11550-TGB-CI (E.D. Mich.) (Ms. Weekes was appointed co-lead counsel); Cucuta v. FloridaCentral Credit Union, Case No. 24-CA-006065 (Hillsborough County, Fl.) (Ms. Weekes was appointed co-lead counsel).; In re: MoveIt Customer Data Security Breach Litigation, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers). Milberg's Cybersecurity and Data Privacy Group is largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space. See e.g., Webb v. Injured Workers Pharmacy, LLC, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); In re Arthur J.

Gallagher Data Breach Litig., 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); In re Blackbaud, Inc., Customer Data Breach Litig., No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).Additional information regarding Ms. Weekes and Milberg is set forth in Milberg's firm resume attached hereto as ***Exhibit B***.

**C. Counsel's Resources**

The resources that Proposed Interim Co-Lead Counsel have already committed and will continue to commit to the case also strongly support the appointment of Proposed Interim Co-Lead Counsel. As demonstrated above, Proposed Interim Co-Lead Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Interim Co-Lead Counsel's ability to draw from this well-developed repository of information will allow them to streamline the litigation.

Each attorney understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the putative class. Proposed Interim Co-Lead Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. In fact, Proposed Interim Co-Lead Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to it and coordinating among themselves to file this leadership proposal and to consolidate the Related Actions. And, as their firm resumes and counsels' experience indicate, Proposed Interim Co-Lead Counsel have the resources and capacity to see this litigation through its conclusion, including trial.

If appointed as interim counsel, Proposed Interim Co-Lead Counsel will continue to commit the same resources and effort to this case as they have committed to other successful class action litigations and are equally committed to working cooperatively and efficiently for the benefit of the class.

## III. THE COURT SHOULD SET A SCHEDULE FOR THE FILING OF A CONSOLIDATED COMPLAINT

Assuming the Court agrees that consolidation and appointment of Interim Co-Lead Counsel is appropriate, the Court should also set a schedule allowing for the Plaintiffs to file a Consolidated Complaint that can govern any consolidated proceedings. Plaintiffs would request forty-five (45) days from the entry of an Order consolidating the cases and appointing leadership to file a consolidated complaint.

## CONCLUSION

The Court should consolidate these cases. In light of the extensive experience of Proposed Interim Co-Lead Counsel's attorneys in prosecuting class actions and the resources they can and will devote to the effective litigation of this case on behalf of the class, the Court should appoint Ms. Loginov and Ms. Weekes as Interim Co-Lead Counsel for these proposed consolidated actions. The Court should also allow for the filing of a Consolidated Complaint 45 days after the order consolidating the actions and appointing Interim Co-Lead Counsel.

Dated: October 29, 2026

Respectfully submitted,

/s/Joshua Sanford
Joshua Sanford (Ark. Bar ID # 2001037)
**SANFORD LAW FIRM**
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211
Tel: (501) 221-0088
josh@sanfordlawfirm.com

Leanna A. Loginov*

**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
lloginov@shamisgentile.com

Mariya Weekes*
**MILBERG, PLLC**
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
Tel: (866) 252-0878
mweekes@milberg.com

Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel: (872) 263-1100
Fax: (872) 263-1109
raina@straussborrelli.com

Israel David*
Adam M. Harris*
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, NY 10004
Telephone: (212) 350-8850
israel.david@davidllc.com
adam.harris@davidllc.com

Mark A. Cianci*
**ISRAEL DAVID LLC**
399 Boylston Street, Floor 6, Suite 23
Boston, MA 02116
Telephone: (617) 295-7771
mark.cianci@davidllc.com

*Attorneys for Plaintiffs and the Proposed Class*

* *pro hac vice forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, a true and correct copy of the foregoing was served through electronic mail on all counsel of record.

*/s/ Joshua Sanford*
Joshua Sanford